91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Remigio M. DE LOS SANTOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided July 1, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Remigio De Los Santos, a native and citizen of the Philippines, petitions this court for review of the BIA's decision affirming the IJ's denial of his application for adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a). We deny his petition.
 
 
 4
 Under § 245(a), the Attorney General has discretion, under certain enumerated conditions, to adjust the status of an alien to that of lawful permanent resident. The petitioner carries the burden of demonstrating statutory eligibility, and entitlement to a favorable exercise of discretion. Rashtabadi v. INS, 23 F.3d 1562, 1568 (9th Cir.1994). The parties do not disagree over whether petitioner satisfied the statutory requirements. At issue is whether petitioner was entitled to a favorable exercise of discretion.
 
 
 5
 We review the BIA's decision to deny adjustment of status for abuse of discretion. Id. at 1566. The BIA abuses its discretion if it fails to "indicate how it weighed the factors involved and how it arrived at its conclusion." Id. at 1570. We review the BIA's factual findings for substantial evidence. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 6
 In the instant case, the BIA considered the following factors in petitioner's favor: his nine years of residency in this country; his U.S. citizen wife and child; his extended family in the U.S.; and his assistance to the U.S. secret service. It found no other favorable considerations, noting in particular that petitioner had not alleged hardship in the event of deportation. The BIA considered the following factors against petitioner: his conviction for conspiracy to commit perjury, and his forged appearance and waiver; his probation violation; evidence indicating the absence of rehabilitation; and evidence that he had a preconceived intent to remain here permanently upon entry. After discussing each of the foregoing factors, the BIA concluded that "[c]onsidering the record as a whole, we find that the negative factors outweigh the positive, and that respondent has not met his burden of demonstrating that he should be granted adjustment of status in the exercise of discretion."
 
 
 7
 Santos contends that the BIA failed to properly weigh the various equities when it refused to exercise discretion in his favor. However, after considering the record and Santos' arguments on appeal, we conclude that the BIA did not abuse its discretion when it denied petitioner's request for adjustment of status. The petition for review is DENIED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge, for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3